Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIGETTE SULLIVAN, | ) Case No. |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| vs. | ) **OF FEDERAL FAIR DEBT** |
|  | ) **COLLECTION PRACTICES ACT,** |
|  | ) **ROSENTHAL FAIR DEBT** |
| LEGAL RECOVERY LAW | ) **COLLECTION PRACTICES ACT** |
| OFFICES, INC., | ) **AND INVASION OF PRIVACY** |
| Defendant. | ) |
| _____ ) | _____ |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for

invasion of privacy arising from intrusion upon seclusion and public disclosure of private facts.

## II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3.  Plaintiff, BRIGETTE SULLIVAN ("Plaintiff"), is a natural person residing in Sacramento county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal Civ Code 1788.2(h).

4.  At all relevant times herein, Defendant, LEGAL RECOVERY LAW OFFICES, INC., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f).  Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and RFDCPA, Cal Civ Code § 1788.2(c).

## IV. FACTUAL ALLEGATIONS

5.  At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information, including, but not limited to, calling Plaintiff's regional manager and stating they were calling from a law firm for Plaintiff (§1692b & §1692c(b));

b) In connection with an attempt to collect an alleged debt from Plaintiff, providing the identity of Defendant to a third party without such information being expressly requested, including, but not limited to, calling Plaintiff's regional manager and stating they were calling from a law firm for Plaintiff (§1692b(1) & §1692c(b));

c) Disclosing to a third party the existence of the debt allegedly owed by Plaintiff, including, but not limited to, calling Plaintiff's regional manager and stating they were calling from a law firm for Plaintiff (§1692b(2) & §1692c(b));

d) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff, including, but not limited to, calling Plaintiff's regional manager and stating they were calling from a law firm for Plaintiff(§1692b(3) & §1692c(b));

e) Communicating with Plaintiff's employer regarding Plaintiff's consumer debt, where such a communication was not necessary to the collection of the debt, and where Plaintiff had not consented in writing to such communication, including, but not limited to, calling Plaintiff's regional manager and stating they were calling from a law firm for Plaintiff (Cal Civ Code §1788.12(a));

f) Communicating, or threatening to communicate to a third party the fact that Plaintiff has engaged in conduct, other than the failure to pay a consumer debt, which Defendant knew or had reason to know would defame the debtor, including, but not limited to, calling Plaintiff's regional manager and stating they were calling from a law firm for Plaintiff (Cal Civ Code §1788.10(c));

g) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages, where such action is not lawful or Defendant did not intend to take such action (§1692e(4));

h) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));

i) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including, but not limited to, repeatedly calling Plaintiff at work after she had told Defendant not to, calling Plaintiff's regional manager, calling Plaintiff more than twice a day, and threatening Plaintiff with wage garnishment and a lawsuit (§1692f));

j) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including, but not limited to, repeatedly calling Plaintiff at work after she had told Defendant not to, calling Plaintiff's regional manager, calling Plaintiff more than twice a day, and threatening Plaintiff with wage garnishment and a lawsuit(§1692d));

k) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff, including, but not limited to, calling Plaintiff more than twice a day and repeatedly calling Plaintiff at work after she had told Defendant not to call her there (Cal Civ Code §1788.11(d));

l) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances including, but not limited to, calling Plaintiff more than twice a day and repeatedly calling Plaintiff at work after she had told Defendant not to call her there (Cal Civ Code §1788.11(e));

m) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code §1788.13(j)); and

n) Where Defendant had not yet made an attempt to contact Plaintiff's counsel or had not given Plaintiff's counsel sufficient time to respond to the initial attempt to communicate with Plaintiff's counsel, and where Plaintiff's counsel had not given Defendant permission to contact Plaintiff directly, communicating with Plaintiff directly after learning that Plaintiff is being represented by counsel, including, but not limited to, calling Plaintiff directly after Plaintiff's attorney had sent Defendant two letters(§ 1692c(a)(2).

6.      Defendant's aforementioned violations of the FDCPA and RFDCPA also constitute an intentional intrusion into Plaintiff's private places and into private matters of Plaintiff's life, conducted in a manner highly offensive to a reasonable person.  Plaintiff had a subjective expectation of privacy that was objectively reasonable under the circumstances.

7. Defendant's aforementioned disclosure of facts regarding Plaintiff's debt to third parties constitutes a public disclosure of a private fact not of legitimate public concern. Defendant's disclosures were highly offensive to a reasonable person.

8. As a result of the above violations of the FDCPA, RFDCPA and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

9. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. Declaratory judgment that Defendant's conduct violated the FDCPA;
    B. Actual damages;
    C. Statutory damages;
    D. Costs and reasonable attorney's fees; and,
    E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

11. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

- A. Declaratory judgment that Defendant's conduct violated the RFDCPA;
- B. Actual damages;
- C. Statutory damages for willful and negligent violations;
- D. Costs and reasonable attorney's fees,
- E. For such other and further relief as may be just and proper.

## COUNT III: COMMON LAW INVASION OF PRIVACY BY INTRUSION AND INVASION OF PRIVACY BY PUBLICATION OF PRIVATE FACTS

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

- A. Actual damages
- B. Punitive Damages; and,
- C. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 22nd day of March, 2010.

By: **s/Todd M. Friedman_____**
    **TODD M. FRIEDMAN (216752)**
    **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
    **369 S. Doheny Dr. #415**
    **Beverly Hills, CA 90211**
    **Phone: 877 206-4741**
    **Fax: 866 633-0228**
    **tfriedman@attorneysforconsumers.com**
    **Attorney for Plaintiff**

EXHIBIT A